# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OPERATING ENGINEERS LOCAL 139**
**HEALTH BENEFIT FUND et. al.,**

        **Plaintiffs,**

        **v.**                                **Case No. 07-C-876**

**ADAIR CONSTRUCTION, INC.,**

        **Defendant.**

## ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN AND FOR JUDGMENT

The above-entitled action was first dismissed as a result of a stipulation between the parties on May 30, 2008. (Docket No. 20.) According to the terms of a settlement agreement ("Agreement"), (see Docket No. 27-1 at 2-5), the defendant (hereinafter "Adair") was to pay the plaintiffs (hereinafter "Funds" or "Union") the total amount of $147,386.42 in twenty-eight (28) equal installments starting June 10, 2008. (Docket No. 27-1 at ¶1.) In addition, Adair agreed that it would remain current in its ongoing obligations to the Funds. (Docket No. 27-1 at ¶2.)

According to the terms of the Agreement, Adair agreed that if it defaulted in any of the payments agreed to, including its obligation to pay current contributions, the Funds and Union should notify Adair's attorney in writing and by fax. (Docket No. 27-1 at ¶4.) Once Adair's counsel received that notice, the company had thereafter five days to cure the default. (Docket No. 27-1 at ¶4.). If the default should not be cured within those five days, the plaintiffs had the right to reinstate this case and to file a motion for judgment to collect the difference between the total amount due and any amounts paid under the settlement agreement (Docket No. 27-1 at ¶4.) Adair agreed that in

that case it would not contest the plaintiffs' motion, waiving any defenses, except the defense of payment (Docket No. 27-1 at ¶4.)

On December 18, 2008, the plaintiffs filed a motion seeking to reinstate this case and to enter judgment in accordance with the parties' settlement agreement. (Docket No. 21.) On December 22, 2008, the court instructed the defendant to respond in accordance with the district's Local Rules. (Docket No. 22.) The defendant did not respond, and the court granted the plaintiffs' motion and entered judgment in favor of the plaintiffs in the amount of $121,067.42. (Docket Nos. 23, 24.) Three days later, the parties filed a stipulation to vacate judgment. (Docket No. 25.) The court vacated the judgment the next day. (Docket No. 26.)

On April 7, 2010, the plaintiffs have filed a new motion seeking to reopen this case and for judgment. (Docket No. 27.) The defendant was again instructed to respond, (Docket No. 28), and again has failed to do so.

According to the plaintiffs' submission, (Docket No. 27), Adair has made 18 payments of $5,263.80 for a total of $94,748.40, under the settlement agreement. Nevertheless, Adair still owes payments under the settlement agreement for December 2009 through March 2010. The difference between the total due for the audited period of November 1, 2005 through July 31, 2007 and August 1, 2007 through March 31, 2008 and what Adair has paid is $52,638.00.

Adair is also delinquent in its ongoing obligations to the Funds for the work months of November 2009 through February 2010. The amounts due, based upon reports from Adair, for the work months of November 2009 through January 2010 are as follows:

| | |
|---|---|
| Contributions: | $52,696.25 |
| Interest: | $ 9,901.66 |
| Delinquent Payment Assessments: | $ 1,591.26 |
| Total: | $64,189.17 |

On January 22, 2010, Plaintiffs' counsel sent notice of default to Adair's attorney. (Docket No. 27-1 at 7-9.) Since that time, Adair made one payment, the 18th payment, under the settlement

agreement for November, but has not made any further payments under the settlement agreement and has not paid its on-going obligations since the work month of October 2009. There has been communication, mostly by electronic e-mail, between Plaintiffs' counsel and Defendant's counsel in an effort to resolve this dispute. In the last round of communication, Adair represented that it would be able to pay all past due amounts by March 25, 2010. The Funds agreed to wait until that date and if payment was not forthcoming, the Funds would file this motion.

Payment was not forthcoming and therefore the plaintiffs seek the entry of judgment in the amount of $116,827.17 which represents amounts due for the work months of October 2009 through February 2010, and amounts due that remain unpaid under paragraph 1 of the settlement agreement.

Having reviewed the plaintiffs' motion and the attached exhibits, the court hereby **grants** the plaintiffs' motion, (Docket No. 27), **vacates** its prior order of dismissal, and in accordance with the parties' stipulation, orders the Clerk to enter judgment in favor of the plaintiffs and against the defendant in the amount **$116,827.17.**

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of April 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
